# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL MESTRE,

        Plaintiff,

v.                                          Case No. 8:21-cv-14-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

        Defendant.

## **OPINION AND ORDER**[1]

### I. Status

Michael Mestre ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of Crohn's disease, fibromyalgia, Asperger's syndrome, anxiety, depression, and obsessive compulsive disorder ("OCD"). Transcript of Administrative Proceedings (Doc. No. 16; "Tr." or "administrative transcript"), filed June 24, 2021, at 55, 72. Plaintiff protectively filed an application for DIB

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 15), filed June 24, 2021; Reference Order (Doc. No. 17), entered June 24, 2021.

on July 3, 2018, alleging a disability onset date of March 5, 2018.[2] Tr. at 188-94. The application was denied initially, Tr. at 54-68, 69, 70, 97-99, and upon reconsideration, Tr. at 71-87, 88, 89, 101-06.

On February 19, 2020, an Administrative Law Judge ("ALJ") held a hearing during which Plaintiff, represented by counsel, and a vocational expert ("VE") testified. Tr. at 32-49 (hearing transcript), 94, 96 (appointment of representative documents). At the time, Plaintiff was twenty-eight (28) years old. Tr. at 35. On April 17, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-26.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 4-5 (Appeals Council exhibit list and order), 185-87 (request for review). On November 4, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On January 4, 2021, Plaintiff commenced this action through counsel under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff challenges: 1) "whether the ALJ properly considered the persuasiveness of the treating opinion evidence"; 2) "whether substantial

---

[2] The application was actually completed on July 5, 2018, see Tr. at 188, but the protective filing date for the application is listed elsewhere in the administrative transcript as July 3, 2018, see, e.g., Tr. at 55, 72.

evidence supports the ALJ's residual functional capacity ('RFC') assessment"; and 3) "whether the ALJ properly considered [Plaintiff's] subjective complaints regarding his symptoms from fibromyalgia." Joint Memorandum (Doc. No. 31; "Joint Memo"), filed March 9, 2022, at 19, 35, 40 (emphasis and capitalization omitted).

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the physical medical opinion evidence (but not the mental opinion evidence). On remand, an evaluation of the physical opinion evidence may impact the Administration's consideration of Plaintiff's RFC and subjective pain complaints. For this reason, the Court need not address Plaintiff's arguments in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 17-26. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since March 5, 2018, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

following severe impairments: obesity[,] fibromyalgia, Crohn's disease, [OCD], major depressive disorder, and autism spectrum disorder." Tr. at 17 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform sedentary work as defined in 20 [C.F.R. §] 404.1567(a) except limited to occasional climbing of stairs and ramps; and frequent balancing, stooping, kneeling, crouching and crawling. He can never climb vertical ladders, ropes, or scaffolds or work at open, unprotected heights. Standing and walking is limited to about 2 hours total in an 8-hour workday, and sitting is about 6 hours total in an 8-hour workday, with standard breaks. He must avoid extreme vibrations. [Plaintiff] is limited to understanding simple, routine, repetitive and unskilled tasks, which require basic decision-making and adjust to simple changes; and interaction with others, including the public, coworkers, and supervisors limited to frequent.

Tr. at 19 (emphasis omitted).

At step four, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a "Furniture Assembler/Installer of Office Furniture." Tr. at 24 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("26 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such

as "Clerical Addresser," "Computer Breaker/Circuit," and "Products Inspector." Tr. at 25 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from March 5, 2018, through the date of th[e D]ecision." Tr. at 26 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

Plaintiff argues that the ALJ erred in evaluating the various medical opinions regarding Plaintiff's limitations. Joint Memo at 19-27. There are three treating opinions at issue: 1) rheumatologist Ginige DeSilva, M.D.; 2) internal medicine specialist Eduardo Martinez, M.D.; and 3) a joint opinion by treating psychiatrist Joseph Adan, M.D. and Rebecca Shytle, ARNP. See id. In addition, there are three non-examining state agency physicians' opinion at issue: 1) Roland Gutierrez, M.D. (physical RFC opinion); 2) Lee Reback, Psy.D., P.A. (mental RFC opinion); and Dawn Jackson, Psy.D. (mental RFC opinion). See id. at 20-25. Responding, Defendant asserts the ALJ appropriately evaluated the medical opinions in accordance with the revised SSA rules and Regulations. Id. at 27-34. Further, Defendant contends the ALJ's analysis is supported by substantial evidence. Id.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting

the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). [4] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. June 27, 2022).[5]

---

[4] Plaintiff filed his DIB application after the effective date of section 404.1520c, so the undersigned applies the revised rules and Regulations.

[5] To the extent Plaintiff argues that the Court should apply this rule and precedent articulating it, the argument is foreclosed by Harner (which was decided after briefing in this case closed).

The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[6]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary,

---

[6] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, all three treating opinions about Plaintiff's functioning, if accepted either singularly or in combination, would likely result in a finding of disability. See Tr. at 479-80 (Dr. DeSilva opining in August 2018 about the effects of Plaintiff's fibromyalgia, including needing "frequent periods of rest on a daily basis" and "[d]aily flare ups of pain lasting all day"); Tr. at 641-45 (Dr. Martinez opining in October 2019 about the effects of Crohn's disease, fibromyalgia, and Asperger's syndrome, including that Plaintiff can sit and stand only one hour each per day, must get up every 30 minutes, can occasionally lift or carry up to five pounds, will need unscheduled breaks hourly, will be absent more than three times per month, and all symptoms are aggravated by stress); Tr. at 543-48 (Dr. Acan and Ms. Shytle opining in May 2018 about Plaintiff's mental

capacity, including poor focus and concentration, lack of sleep and impaired social skills; assigning marked limitations in fourteen areas; and stating Plaintiff will be absent from work more than three times per month). In the Decision, the ALJ found Dr. DeSilva's opinion to be "unpersuasive"; Dr. Martinez's opinion to be "inconsistent"; and Dr. Adan/Ms. Shytle's opinion to be "unpersuasive."[7] Tr. at 23-24. The ALJ instead relied on the non-examining opinion of Dr. Gutierrez for the physical limitations, and on the opinions of Drs. Reback and Jackson for the mental limitations. Tr. at 23; see Tr. at 79-82 (Dr. Gutierrez's opinion); Tr. at 59-61 (Dr. Reback's opinion) Tr. at 82-85 (Dr. Jackson's opinion).

The ALJ erred with respect to the physical RFC opinions at issue. In finding Dr. DeSilva's opinion to be "unpersuasive," ALJ specifically pointed to the doctor's findings about decreased grip and extremity strength and corresponding "decreased ability to perform fine and gross manipulation," observing that those findings were inconsistent with the doctor's examination findings. Tr. at 24. However, the opinion on which the ALJ relied, that of Dr. Gutierrez, similarly noted "decreased muscle strength throughout extremities" and "decreased ability to perform fine and gross movements" because of "17

---

[7] The ALJ did not recognize that the opinion authored by Dr. Adan was co-authored by Ms. Shytle, see Tr. at 23, but this mistake did not have a material effect on the ALJ's analysis of the opinion.

- 11 -

identified tender points," Tr. at 80, without the ALJ recognizing this limitation at all. Thus, this assigned limitation was actually consistent with the opinion the ALJ purportedly accepted, but the ALJ did not account for the limitation in the RFC. See Tr. at 19.

Moreover, the ALJ stated that Dr. DeSilva did not have the opportunity to examine 2019 records that "showed [Plaintiff's] fibromyalgia and C[rohn]'s disease stable and asymptomatic," Tr. at 24, but the ALJ overlooked a January 2020 record that was submitted during the hearing but evidently inadvertently not exhibited until after the Decision, documenting flare up of the Crohn's and worsening fibromyalgia pain. See Tr. at 50-53 (record), 35 (discussion of record at hearing).

As to Dr. Martinez's opinion, the ALJ found it to be "inconsistent" because the doctor limited Plaintiff to lifting ten pounds but Plaintiff admitted lifting twenty pounds. Tr. at 24. The ALJ also stated that "the record indicated that [Plaintiff] only had mild Asperger's syndrome." Tr. at 24. A review of Dr. Martinez's specialty (internal medicine) and the details provided in the opinion show that while he did opine to a degree about the effects of Plaintiff's Asperger's syndrome and fibromyalgia, his focus (and treatment) was on the effects of Crohn's disease. See Tr. at 641-45. Yet, the ALJ in addressing the opinion focuses on the other aspects. While the ALJ was accurate that the weight limitation compared to Plaintiff's admission was inconsistent, the ALJ

too narrowly discussed the opinion. It is unclear why the ALJ did not accept Dr. Martinez's findings about the effects of the Crohn's disease. In addition, the ALJ neglected to acknowledge or discuss the bulk of the records from Florida Center for Gastroenterology that shed more light on the effects of the Crohn's disease,[8] see Tr. at 559-74, or, as observed previously, the January 2020 record documenting a flare up of the Crohn's disease due to the once-effective medication not being covered by Plaintiff's insurance, see Tr. at 50-53.

With respect to the mental RFC opinions at issue, Plaintiff's only real challenge to the ALJ's findings are that the "ALJ hones in on a very brief period citing to records from July and September 2019" and "does not take into account the longitudinal treatment history and the nature of mental health impairments; hallmarked by their waxing and waning symptoms." Joint Memo at 25. But, Plaintiff recognizes that the ALJ's findings about Plaintiff doing better on Latuda in July and September 2019 are accurate. Id. Upon review of the ALJ's reasoning for finding Dr. Adan's/Ms. Shytle's opinion to be unpersuasive and the opinions of Dr. Reback and Dr. Jackson to be persuasive, the undersigned is not convinced the ALJ erred on these matters. The ALJ's

---

[8] These records contain notes from Justin Nudell, D.O., to whom Plaintiff refers in arguing the ALJ overlooked various treatment notes. See Joint Memo at 22-23. The notes contain an embedded conclusion by Dr. Nudell that Plaintiff was "[u]nable to work [because] of . . . health issues." Tr. at 566.

reasoning is adequate under the revised Regulations and is supported by substantial evidence.

### V.   Conclusion

The ALJ reversibly erred with respect to the medical opinions addressing Plaintiff's physical RFC, but not with respect to the mental RFC. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)     Reconsider the physical medical opinion evidence (opinions of Drs. Gutierrez, DeSilva, and Martinez) consistent with the applicable Regulations; and

(B)     If appropriate, address the other issues raised by Plaintiff in this appeal; and

(C)     Take such other action as may be necessary to resolve this claim properly.

2.     The Clerk is further directed to close the file.

3.     In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered

on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on September 19, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record