# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MICHAEL MESTRE,

      Plaintiff,

v.

Case No. 8:21-cv-14-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

## O R D E R

This cause is before the Court on Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 34; "Petition"), filed November 2, 2022.[1] In the Petition, Plaintiff seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,704.19. Petition at 1, 3; see also Affidavit of Plaintiff's Counsel (Doc. No. 34 pp. 5-6; "Affidavit"). Defendant does not oppose the relief requested. See Petition at 2; Affidavit at 2.

According to the Petition and supporting documentation, Plaintiff's counsel expended a total of 31.8 hours in the representation of Plaintiff before the Court: 28.9 hours in 2021 and 2.9 hours in 2022. Petition at 3; Itemization

---

[1] The pages of the Petition and supporting documentation are unnumbered. Citations are to the pagination assigned by the Court's electronic filing system (CM/ECF).

of Services Rendered by Attorney (Doc. No. 34-1). Plaintiff requests an hourly rate of $208.75 for hours expended in 2021 and $231.49 for hours expended in 2022. Petition at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees.[2] Further, the number of hours expended is reasonable.

Plaintiff has assigned his rights to any entitlement of attorney's fees due under the EAJA to his counsel. See Assignment of EAJA Fees (Doc. No. 34-2). Regarding the assignment, Plaintiff represents the following:

> After the Court issues an order awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a debt to the government. Any payments shall be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff does not owe a federal debt. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt the government may accept . . . Plaintiff's assignment of EAJA form and pay fees directly to Plaintiff's counsel.

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited November 4, 2022). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, No. 5:01-cv-148-GRJ, 2002 WL 1452232, at *3 (M.D. Fla. June 25, 2002) (unpublished).

Petition at 3.

Upon due consideration, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 34) is **GRANTED**.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $6,704.19 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on November 4, 2022.

_James R. Klindt_
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

3